Curia, per Frost, J.
The Act of 1791, (5 Stat. 164) provides that, when the land cannot be fairly and equally divided, the commissioners shall make a special return to that effect; and if the Court shall be of opinion that it would be for the benefit of the parties that the same should be vested in one person, or more persons, entitled to a portion of the same, on the payment of a sum of money, they shall determine accordingly; and the said person or persons, on the payment of the consideration money, shall be* vested with the estate so adjudged to them, as fully and absolutely as the ancestor was vested. But if it shall appear to the Court to be more for the benefit of the parties that the same should be sold, they shall direct a sale, on such credit as they may deem right; and the property so sold, shall stand pledged for the payment of the purchase money. The Court is empowered to make such rules and orders as may be necessary for carrying into effect the provisions of the Act.
Pursuant to the return of the commissioners, in the proceedings for partition of the estate of John Richardson, it was adjudged that the house and lot in dispute should be vested in Joseph B. Klingle, in right of his wife, on the payment of eight hundred and thirty dollars to J. M. Richardson, Jane Richardson and John Richardson, of whom the two last were infants. This order was made in April, 1834.
Before 1847, but after the judgment in partition, Potts, for the use of Burris, recovered a judgment against Klingle. Under execution on this judgment, the house and lot were sold by the sheriff, the 5th February, 1848, and purchased by Burris.
On the case stated, and by the grounds of appeal, the first question that arises is, was the proceeding, by sci. fa. on the judg *5 ment m partition, and the order for a sale of the house and lot, regular?
By the judgment of the Court, the house and lot were to be vested in Klingle, “ on the payment of the consideration money.” The payment was a condition precedent to the vesting of the title. Klingle has no deed of conveyance. It is wholly under the judgment that he can claim any right or title in the house and lot. He did not comply with the condition of the sale. When sheriffs and other public officers, and even private persons, make a contract for the sale of property, and the terms of sale are not complied with, the seller may elect to rescind the contract and re-sell the property, or bring an action for the price. It is surely competent for the Court to enforce, in like manner, a compliance with the terms of a judicial sale. Before the Court-can proceed against the' defaulting purchaser, it is proper that he should have notice of the proceeding, that he may shew cause against any order that may affect his interests. This may be done by a rule, or by a scire facias. The latter mode, which was adopted in this case, is more formal and regular and most proper. On the return of the writ, the Court may order a resale of the land, or that execution issue on the judgment in partition, to enforce payment of the purchase money. No other proceeding is necessary: for the judgment in partition establishes the debt, in the same manner as any other judgment of the Court, — and by scire facias execution may, in like manner, be awarded.
, The next question is, whether Klingle acquired such .a title, to the house and lot, under the judgment in partition, as subjected it to the lien of Potts’s judgment against him.
The judgment in partition is the only act or instrument by which Klingle could claim a title to the house and lot. By the condition prescribed, no title was vested in Klingle, until the consideration money was paid. This condition is a necessary security for the payment of the money with which the house and lot were charged. It can operate no hardship or surprise on any person; for any enquiry for the title must disclose *6 also the charge on the property. Until the consideration money was paid, Klingle had only an equitable title to the house and lot; 'which is not subject to the lien of a judgment.
But Burris claims a lien under Potts’s judgment, on the distributive share of Klingle’s wife, paramount to the sale for partition. It might be a sufficient answer to this claim, that the house and lot were partitioned before the judgment was recovered. It is, however, settled that while the distributee has a legal title to his distributive share of real property, which is subject to the lien of judgments against him, and may be sold under execution, yet the title is qualified and limited by the right of his co-distributees to have partition made of the property. If the land be sold under a judgment against the distributee, before any proceeding is had for partition, the purchaser acquires the title and stands in the place of the distributee. If the judgment is not enforced by a sale of the defendant’s distributive share, before partition, the lien is divested. The purchaser, or distributee in whom the land becomes vested, under a judgment for partition, takes it discharged of the lien of the judgment. The judgment creditor may, by timely application to the Court, have his lien protected by an order for the payment to him of the defendant’s distributive share of the price of the land. Rabb vs. Aiken, (2 McC. Ch. 119); Johnson vs. Payne, (1 Hill, 111); McQueen vs. Fletcher, (MS. Eq. cases, Decr. 1851).
The judgment of the Circuit Court is affirmed, on all the grounds of appeal; and the motion is dismissed.
O’Neall, Evans, Wardlaw, Withers and Whitner, JJ. concurred.

Motion dismissed.